Eloise LUCKETT, Plaintiff–Appellant,

v.

RENT–A–CENTER, INCORPORATED, and Tom Fleissner, Defendants–Appellees.

No. 93–3141.

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1995.

Decided May 19, 1995.

Rehearing Denied June 9, 1995.

---

R. Timothy Muth, Kathleen Donius (argued), Reinhart, Boerner, Vandeuren, Norris & Rieselbach, Milwaukee, WI, for plaintiff-appellant.

Marna M. Tess–Mattner (argued), John C. Patzke, Brigden & Petajan, Milwaukee, WI, for defendants-appellees.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Shortly after receiving clearance from the EEOC, Eloise Luckett filed suit charging her employer with race and sex discrimination. The district court dismissed the complaint (but not the suit) with the observation that the complaint did not include the EEOC's notice, so the court could not be sure that Luckett was entitled to file. She filed an amended complaint, carefully attaching the notice but this time charging her employer with "discrimination." Out the complaint went a second time, the district judge observing that only some kinds of discrimination violate federal law and that the parties are not of diverse citizenship. On this second go-round the judge did more than dismiss the complaint; he dismissed the suit, too, but without prejudice.

Luckett then filed a third complaint adding language about race and sex discrimination. At long last her employer was served with process and answered the complaint, pleading the statute of limitations—for the process of filing, dismissal, filing, dismissal, and filing had consumed more than a year, while Title VII of the Civil Rights Act of 1964 allows only 90 days after the EEOC notifies the employee that the time to file suit has arrived. 42 U.S.C. § 2000e–5(f)(1). Luckett replied with an excuse: the time had slipped by while she was waiting for word from the court, which had not come. The case was assigned to a different judge, who held this inadequate because, he believed, Luckett had not been diligent in prosecuting the action.

One might suppose that the comeback is that the suit is timely by virtue of Fed. R.Civ.P. 15(c)(2), which provides that amendments to the complaint relate back to the initial filing. But Luckett has not made such an argument, perhaps because, despite the

fact that this case carries the same docket number as the initial filing, that suit was dismissed in 1992, and the third complaint logically began a new case. Luckett does not say that the third complaint acted as a motion under Rule 59 or 60 for post-judgment relief in the initial suit.

 If we take the case as the parties present it—Luckett has the benefit of counsel in this court, so there is no reason to bend over backward—the district court's judgment is unassailable. Equitable tolling permits a party who, within the statutory period, could not reasonably have discovered the basis of the legal claim, to file promptly after acquiring the essential information. See, e.g., *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450–51 (7th Cir.1990). Luckett does not satisfy that standard; she knew her claim, and sued on it, in September 1991. The first complaint was dismissed in October 1991, the amended complaint and the suit in December 1992. We entertain serious doubts about these decisions: a district court should not dismiss a complaint if the plaintiff could prevail "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); see also, e.g., *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *American Nurses' Ass'n v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986). Having a right-to-sue letter is consistent with the first complaint; anyway, a complaint need not anticipate defenses. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). And the second complaint invited proof that the "discrimination" in question violated federal law; why else was the plaintiff attaching the right-to-sue notice from a federal law enforcer? Complaints need not plead legal theories. *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1078 (7th Cir. 1992); *Hrubec v. National Railroad Passenger Corp.,* 981 F.2d 962 (7th Cir.1992). District judges must heed the message of Rule 8: the pleading stage is not the occasion for technicalities. That is, however, all water under the bridge, for Luckett did not appeal, and a judicial error does not justify sequential litigation. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Her sole argument is that between September 1991 and December 1992 she was awaiting notice from the court, unaware that the first complaint had been dismissed. But belated recognition that the first complaint had been dismissed justified belated filing of the *second* complaint (the first amended complaint), not a separate litigation. The district judge did not dismiss the second complaint as untimely; he dismissed it (and the case) for failure to allege the violation of a right protected by federal law. Only the third complaint, filed after the first suit had come to an end, was dismissed as untimely.

 Equitable tolling does not protect a party who omits ordinary precautions. Luckett would have been fully protected by Rule 15(c)(2) had her second complaint been sufficient (or had she appealed from the decision dismissing her claim). Moreover, we do not think that waiting 14 months to hear from the court can be deemed reasonable. Fed.R.App.P. 4(a)(6) provides guidance on the question how much delay is excusable: it permits a district court to authorize a belated appeal, when the losing party fails to receive timely notice, only if the loser acts within 180 days of the judgment. Luckett waited far longer before inquiring of the court, and the statute of limitations prevents a party who has neglected to protect her own interests from shifting the onus of the delay to the other side. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). Cf. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

AFFIRMED