70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Erlando V. GALLERMO, Plaintiff-Apppellant,
v.
CITICORP NORTH AMERICA, INC., and Tom Huitink, Defendants-Appellees.
 No. 95-1207.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 9, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Erlando V. Gallermo appeals from the dismissal of his employment discrimination suit as untimely. Title VII, Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.; Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. Taking note that throughout these proceedings Gallermo was represented by counsel, rather than proceeding pro se, we dismiss the appeal because of the inadequacy of the appellant's brief.
 
 
 2
 Gallermo's original employment discrimination action was dismissed for lack of prosecution. After unsuccessfully petitioning the district court to vacate the judgment, Gallermo filed a second, identical suit. The district court dismissed the second suit as untimely and barred by res judicata.
 
 
 3
 Gallermo's entire argument on appeal states: "The original complaint of appellant was filed in a timely fashion. Although the re-filed complaint was filed more than ninety (90) days from the receipt of the Right to Sue, the filing, however, of the original complaint tolled the ninety-day limitation period." He cites no authority to support this proposition.
 
 
 4
 Rule 28(a)(6) of the Federal Rules of Appellate Procedure specifies that the appellant's argument "must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(6). Gallermo's brief does not meet this requirement. "Rule 28(a)(4) [now Rule 28(a)(6) ] plainly requires more than a one page argument unsupported by any authority. An appellant must not only raise issues in his brief, he must present them in a professional fashion." John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990) (citations omitted). Moreover, Gallermo's argument is rejected by our case law. See Luckett v. Rent-A-Center, Inc., 53 F.3d 871, 872-73 (7th Cir.1995); Robbins v. Bentsen, 41 F.3d 1195, 1199 (7th Cir.1994); Harris v. Brock, 835 F.2d 1190, 1195 (7th Cir.1987); see also Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992).
 
 
 5
 The penalty for a perfunctory appeal is dismissal. John, 897 F.2d at 1393. Consequently, this appeal is DISMISSED. Further, we direct the Clerk of the Court to issue a Rule to Show Cause why Gallermo's attorney, A. Jun Joaquin, Jr., should not be sanctioned for filing this deficient brief.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record