**Karin and John MICELI, Plaintiffs,**

v.

**ANSELL, INC., Defendant.**

**No. 2:98–CV–134–RL.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 21, 1998.

Daniel B. Vinovich, Hilbrich Cunningham & Schwerd, Highland, IN, for Plaintiffs.

Martin D. Hoke, Natalie V. Shrader and David P. Burow–Flak, Knight Hoppe Fanning & Knight, Schererville, IN, for Defendant.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Defendant, Ansell, Inc.'s, Motion to Dismiss, filed on June 29, 1998. For the reasons set forth below, the motion is **DENIED.**

### BACKGROUND

Karin Miceli ("Karen") and John Miceli (together "Plaintiffs") are citizens of Indiana. On or about May 11, 1997, Plaintiffs allegedly purchased and used a condom manufactured by Ansell, Inc. ("Defendant") in Chicago, Illinois. Defendant is an Alabama corporation with its principal place of business in Alabama. According to Plaintiff, this condom had a hole in it, and as a result Karin became pregnant.

Plaintiffs filed a complaint in this Court against Defendant based on diversity jurisdiction, seeking $300,000 in damages. The

first count alleges that Defendant is strictly liable for the damage done to Plaintiffs as a result of the defective condom. The second count alleges that Defendant was negligent in its design, manufacture, packaging, and quality control of the condom. The third and final count alleges breach of warranty of merchantability and fitness for a particular purpose.

*DISCUSSION*

■ "Where the parties have not identified a conflict between the two bodies of state law that might apply to their dispute, [the Court] will apply the law of the forum state." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 549 n. 7 (7th Cir.1993) (citing *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir.1991)); *Gonzalez v. Volvo of America Corp.*, 752 F.2d 295, 299 (7th Cir.1985). In their response brief, Plaintiffs question whether Indiana substantive law applies in this case. Plaintiffs state that they live in Indiana, that Defendant is incorporated in Alabama, that the condom was purchased and used in Illinois, and that none of the defects or breaches of duty or warranty took place in Indiana. This is the extent of Plaintiffs' analysis. Plaintiffs do not state that there is a conflict of laws, and cite no authority to support such position. Plaintiffs do not infer any particular conflict of laws with other states, nor do they offer another state's substantive law as an alternative to Indiana's. At one point, Plaintiffs discuss one Alabama case and one Illinois case, in conjunction with a "seminal" Indiana case reaching similar conclusions on wrongful pregnancies. Plaintiffs rely on several Indiana cases and statutes to support all other substantive arguments in their response brief.

Based on Plaintiffs' response brief as a whole, the Court finds that Plaintiffs' comment questioning the application of Indiana substantive law was a half-hearted one. The Court will not make such an argument for them. *See Tyler v. Runyon*, 70 F.3d 458, 464–65 (7th Cir.1995) (recognizing that courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments that the parties themselves do not adequately support); *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 917–18 (7th Cir.1994) (suggesting

that largely unsupported arguments which evidence a "blunderbuss" approach by counsel do not warrant serious attention from a court), *cert. denied*, 514 U.S. 1111, 115 S.Ct. 1964, 131 L.Ed.2d 855 (1995). Because the Court finds that Plaintiffs do not contest the use of Indiana substantive law in this case, Indiana substantive law applies.

Under Federal Rule of Civil Procedure 8(a), a complaint should state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). All of the facts and inferences within the complaint should be treated as true and should be construed in the light most favorable to the Plaintiff. *Baxter v. Vigo Cty. School Corp.*, 26 F.3d 728, 734 (7th Cir.1994); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir .1996). A complaint should not be dismissed "if the Plaintiff could prevail 'under any set of facts that could be proved consistent with the allegations.'" *Luckett v. Rent–A–Center, Inc.*, 53 F.3d 871, 873 (7th Cir.1995) (citing *Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

■ However, a plaintiff "may not avoid dismissal ... by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The Court "will not strain to find inferences favorable to the plaintiffs which are not contained within the complaint." *GL Indus. of Mich., Inc. v. Forstmann–Little*, 800 F.Supp. 695, 698 (S.D.Ind.1991). Further, a Federal Rule of Civil Procedure 12(b)(6) motion may be granted as to part of the complaint, and denied as to the remainder. *Trowbridge v. Civil City of South Bend*, 1992 WL 559656, *1 (N.D.Ind.1992).

*Count I—Strict Liability*

■ Plaintiffs' first count claims that Defendant is strictly liable for the allegedly defective conduct. In Indiana, a claim for strict product liability requires five elements: "(1) that the seller is engaged in the business of selling such a product; (2) that the product was defective and unreasonably dangerous; (3) that the defect existed at the time the product left the defendant's control; (4)

that the product was expected to and did reach the consumer without substantial change in its condition; and (5) that the plaintiff's injuries were proximately caused by the defective product." *Chambers v. Osteonics Corp.*, 109 F.3d 1243, 1247 (7th Cir. 1997) (citing Ind.Code § 13–1–1.5–3(a)).[1] Defendant argues that Plaintiffs' complaint should be dismissed because it fails to allege any "physical harm" to Plaintiffs and because the condom, even if defective, was not "unreasonably dangerous."

██ Defendant insists that pregnancy is not "a physical harm" for purposes of Indiana's products liability statute. According to Indiana Code 34–6–2–105, "physical harm" means "bodily injury, death, loss of services, and rights arising from any such injuries, as well as sudden, major damage to property." Neither party cites any authorities interpreting "physical harm" or "bodily injury" of this statute as including or excluding pregnancy. Nor has the Court been able to find any case law, state or federal, that speaks directly to this issue.

In order to determine whether pregnancy constitutes a "physical harm" as defined by Indiana's products liability statutes, the Court looks to the Indiana state courts for guidance. Indiana courts support analogies between strict liability claims and negligence claims. For example, after property damage was added to the definition of "physical harm," the Indiana Supreme Court noted that, "in the same way that negligent tortfeasors are subject to liability for property damage caused by their negligence, sellers became subject to strict liability in tort for property damage caused by a defective product." *Reed v. Central Soya Co., Inc.*, 621 N.E.2d 1069, 1073 (Ind.1993). This Court shall take its cue from *Reed*, and draw its analogies from negligence cases similar to Plaintiffs' allegations.

Plaintiffs cite cases of wrongful pregnancy based on medical negligence to support their assertion that pregnancy constitutes a physical harm. *See Garrison v. Foy*, 486 N.E.2d 5 (Ind.App.1985) (recognizing a wrongful pregnancy claim where a doctor negligently performed a sterilization technique); *Cockrum v. Baumgartner*, 95 Ill.2d 193, 69 Ill.Dec. 168, 447 N.E.2d 385, 387 (Ill.1983) (consolidated cases where doctors failed to perform a vasectomy and a tubal ligation resulting in pregnancies); *Boone v. Mullendore*, 416 So.2d 718 (Ala.1982) (doctor failed to remove fallopian tubes even though he represented that he did so and that plaintiff was sterile; plaintiff later became pregnant). The Court notes that Plaintiffs have not filed a claim for wrongful pregnancy, and therefore assumes that Plaintiffs analogize the "harm" resulting from medical malpractice to the "harm" Plaintiffs suffered because of Plaintiffs' allegedly defective product.

Defendant counters that Plaintiffs' analogy is improper. It notes that *Garrison* stands alone as the only published Indiana case to recognize a "wrongful pregnancy" claim. In *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630 (Ind.1990), the Indiana Supreme Court rejected "wrongful life" as a viable cause of action, and discussed "wrongful pregnancy" in dicta:

> An action for "wrongful conception or pregnancy" refers to a claim for damages sustained by the parents of an unexpected child alleging that the conception of the child resulted from negligent sterilization procedures *"or a defective contraceptive product." Siemieniec v. Lutheran General Hosp.*, 117 Ill.2d 230, 111 Ill.Dec. 302, 512 N.E.2d 691, 696 (Ill.1987). *This action is recognized in Indiana.* [*Garrison*, 486 N.E.2d 5.]

*Cowe*, 575 N.E.2d at 633 (emphasis added); *accord Bader v. Johnson*, 675 N.E.2d 1119,

---

1. The Court notes that Indiana recently repealed Indiana Code 33–1–1.5–3, replacing it with Indiana Code/ 34–20–2–1. The new statute has substantially the same language as the old statute:

A person who sells ... any product in a defective condition unreasonably dangerous to any user or consumer ... is subject to liability for physical harm caused by that product to the user or consumer ... if (1) that user or consumer is in a class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition; (2) the seller is engaged in the business of selling the product; and (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable[.]
Ind.Code 34–20–2–1.

1122 (Ind.Ct.App.1997) (citing *Cowe*, 575 N.E.2d at 633).

Three important points may be gleaned from this statement. First, the Indiana Supreme Court clearly states its willingness to allow claims for wrongful pregnancy in Indiana. Consequently, Defendant's questioning of whether such claims are viable in Indiana is greatly weakened. Second, the damage alleged in a wrongful pregnancy claim is based on the pregnancy itself. *See Garrison*, 486 N.E.2d at 7 (stating that damages owed to the parents in a wrongful pregnancy action are "due to the unsuccessful medical procedures *and the resulting birth of a child*.") (*emphasis added*). Similar to the elements of wrongful pregnancy, Plaintiffs allege that as a result of Defendant's conduct, Plaintiffs conceived a child. Both wrongful pregnancy claims and Plaintiffs' claims find a resulting pregnancy to be physical harm or damage caused to the plaintiff. Third, the Indiana Supreme Court includes "a defective contraceptive product" in its explanation of a wrongful pregnancy claim. *Cowe*, 575 N.E.2d at 633. While Plaintiffs do not allege a wrongful pregnancy claim, it seems that the Indiana Supreme Court envisioned a situation where a pregnancy resulting from a defective contraceptive product could be considered a harm.

Defendant is quick to note that the *Cowe* court cites the Illinois Supreme Court's opinion of *Siemieniec v. Lutheran General Hospital, supra*. According to the Illinois Supreme Court, wrongful pregnancy liability stems from either "the physician's negligence in performing a sterilization procedure or an abortion or a pharmacist or pharmaceutical procedure or negligence in preparing or dispensing a contraceptive prescription." *Siemieniec*, 111 Ill.Dec. 302, 512 N.E.2d at 696. Because *Siemieniec* seems to limit "wrongful pregnancy" to medical malpractice, Defendant insists that the Court disregard Indiana's wrongful pregnancy cases. The Court disagrees.

By recognizing the claim of wrongful pregnancy, Indiana state courts have decided that in certain cases, pregnancy may be considered a harm or damage done to a plaintiff. As mentioned above, a doctor's alleged failure to properly perform a sterilization technique, or a pharmacist's alleged failure to provide a plaintiff with the proper contraceptive prescription may form the basis of a wrongful pregnancy claim. In both instances, pregnancy results, and is considered a harm or damage done to the plaintiff. In Plaintiffs' complaint, Defendant allegedly failed to provide Plaintiffs with a properly manufactured contraceptive device, a condom. As with a wrongful pregnancy claim, an unwanted pregnancy resulted when Defendant failed some duty allegedly owed to Plaintiffs. The Court finds that pregnancy may constitute a "harm" where efforts to prevent conception fail as the result of the defendant, whether he be a doctor, a pharmacist, or a contraceptive device manufacturer.

Defendant also maintains that its condom, even if defective, is not unreasonably dangerous [2] and was not the proximate cause of the pregnancy. The Court must remind the parties that Defendant's motion is one based on Federal Rule of Civil Procedure 12(b)(6). To survive this motion to dismiss, Plaintiffs need only state a claim for which relief may be granted. Plaintiffs' claim alleges that Defendant's product was unreasonably dangerous and that it was the proximate cause of their alleged injury, as required by the elements of strict product liability.

Defendant argues that the sole proximate cause of pregnancy is the union of sperm and egg, and therefore, Plaintiffs' complaint does not properly allege the proximate cause required for each of their claims. Indiana courts find otherwise, for they recognize claims for wrongful pregnancy. *See Garrison*, 486 N.E.2d 5; *Cowe*, 575 N.E.2d 630. A wrongful pregnancy claim alleges that a defendant doctor's or pharmacist's negligence proximately caused a plaintiff's pregnancy by failing to prevent the union of sperm and

---

**2.** "Unreasonably dangerous" is defined as "any situation in which the use of a product exposes the user or consumer to risk of physical harm to an extent beyond that contemplated by the ordinary consumer who purchases the product with the ordinary knowledge about the product's characteristics common to the community of consumers." Ind.Code § 34–6–2–146. As explained above, in this case, pregnancy may be considered a "physical harm."

egg. In this case, Plaintiffs' complaint alleges that Defendant's defective product caused their pregnancy by failing to prevent the union of sperm and egg. Taken in the light most favorable to Plaintiffs, the Court finds that they properly allege proximate cause for their strict liability claim, their negligence claim, and their breach of warranty claim.

Whether the condom was, in fact, unreasonably dangerous and/or the proximate cause of the pregnancy are questions normally for the jury to decide. *See Bryant–Poff, Inc. v. Hahn,* 453 N.E.2d 1171, 1172 (Ind. 1983) (dissenting opinion) (whether a product is unreasonably dangerous is normally one for the jury) *and Tipmont Rural Elec. Membership Corp. v. Fischer,* 697 N.E.2d 83 (Ind. Ct.App.1998) (proximate cause is ordinarily for the jury to decide). The Court will have an opportunity to consider the merits of these issues if and when the parties file motions for summary judgment.

## CONCLUSION

For the reasons given above, Defendant's motion to dismiss is DENIED.