Daniel R. LEAVELL and Eva
L. Leavell, Plaintiffs–
Appellants,

v.

Charles Michael KIEFFER,
Defendant–Appellee.

No. 98–4089.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 3, 1999.

Decided Aug. 19, 1999.

Christopher Heid (argued), Carmi, IL, for Plaintiffs–Appellants.

Kenneth L. Greene, Ellen P. DelSole (argued), Department of Justice, Tax Division, Appellate Section, Washington, DC, for Defendant–Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Daniel and Eva Leavell, the proprietors of several businesses, did not file their 1985 and 1986 tax returns until 1990. An audit concluded that they owed substantial additional taxes. The Tax Court fixed their tax liabilities for 1985 to 1987 at approximately $1 million, including hefty interest and penalties. *Leavell v. CIR*, 71 T.C.M. 2387, 1996 WL 103805 (1996). One reason why the Leavells lost was that they did not produce essential business documents before the record closed. After filing a notice of appeal, the Leavells (represented by counsel) received five extensions of time to file their opening brief. An application for a sixth extension was denied, and when no brief was forthcoming we dismissed the appeal for want of prosecution. *Leavell v. CIR*, No. 96–3864 (7th Cir. Apr. 30, 1997).

A little more than 13 months later, the Leavells struck back with this *Bivens* action against Charles Kieffer, who conducted the audit and presented his conclusions as a witness at the trial. See *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The suit has all sorts of problems. Witnesses enjoy absolute immunity for their testimony, see *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), and we have held that revenue agents are not subject to *Bivens* suits for most out-of-court activities, given the many other judicial and administrative remedies for tax disputes. See *Cameron v. IRS*, 773 F.2d 126 (7th Cir.1985). But the district court did not consider these obstacles, instead dismissing the suit for a trait that the Leavells displayed when filing tax returns, litigating in the Tax Court, and pursuing an appeal: excessive delay. *Leavell v. Kieffer*, 1998 WL 786470, 1998 U.S. Dist. Lexis 16357, 98–2 Tax Cas. ¶ 50,806 (S.D.Ill.1998). The period of limitations is two years, see *Delgado–Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir.1996), and the district court held that the Leavells' claim accrued no later than March 11, 1996, when the Tax Court released its opinion.

Kieffer moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief may be granted; the district judge wrote that he was dismissing the suit under Fed. R.Civ.P. 12(b)(1) for lack of jurisdiction. Neither rule supports the disposition. The statute of limitations is an affirmative defense. Complaints need not anticipate or plead around affirmative defenses, *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), so there is no problem under Rule 12(b)(6). *Luckett v. Rent–A–Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995); *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718–19 (7th Cir.1993). Neither does a statute of limitations affect the district court's jurisdiction. See, e.g., *Irwin v. Department of*

*Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Jurisdiction is supplied by 28 U.S.C. § 1331, because a claim under *Bivens* presents a federal question. But when a complaint shows that the time for litigation has passed, judgment on the pleadings may be entered under Fed.R.Civ.P. 12(c). The Leavells had the opportunity for response that Rule 12(c) requires, and the decision does not depend on any document outside the pleadings, so the district court's disposition is not procedurally defective even though the judge should have cited Rule 12(c) rather than Rule 12(b)(1).

■ Federal law defines the accrual of a *Bivens* claim. *Kronisch v. United States,* 150 F.3d 112, 123 (2d Cir.1998); *Uboh v. Reno,* 141 F.3d 1000 (11th Cir. 1998). Under federal law, the time begins to run when the plaintiff knows that he has been injured. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). For this purpose injury means both current and future harm. A person fired from his job effective in six months is injured (and the clock starts to run) on the date of the discharge, not six months later when the employment ends. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The possibility that internal appeals may mitigate or avoid the injury does not postpone accrual. *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Lever v. Northwestern University,* 979 F.2d 552 (7th Cir.1992). Similarly, when a city revokes a liquor license but the business does not close until appeals have been exhausted, the injury still occurs with the (supposedly wrongful) revocation, not when the cash flow of the business ends. *Kelly v. Chicago,* 4 F.3d 509 (7th Cir.1993). In each of these cases knowledge of a wrong and an impending injury enables the victim to get litigation under way, which the victim must do as soon as possible, rather than waiting until the full con-sequences of the injury can be quantified—for understanding all consequences may take years, so that postponing accrual of the claim until the extent of the injury is certain would make statutes of limitations ineffectual.

■ These principles doom the Leavells' suit. They contend that Kieffer committed two wrongs: he testified falsely at a trial that occurred in January 1994 and intimidated the Leavells' accountant before trial. These steps caused immediate injury. Suppose Kieffer threatened to audit the accountant's own tax returns if he persisted in working for the Leavells. Then the Leavells either would have had to compensate the accountant for the cost of this threat, or hire a new accountant whose personal finances made him threat-proof. Either kind of expense would have been incurred before trial, though the full cost of (say) an accountant with higher hourly rates could not be determined until later, when the number of hours finally would have been known. Likewise there was immediate injury if Kieffer lied to the court. A false accusation of cheating on one's taxes is defamatory, and the Leavells would have suffered an injury to their reputation—an injury on which an immediate suit could have been based (all questions about testimonial immunity to one side). False testimony that prolongs or complicates a lawsuit also causes the adverse party to incur attorneys' fees in order to set the record straight, and these fees are a concrete loss that may be recovered as damages. So no later than January 1994 the Leavells knew that they had suffered injury from Kieffer's supposedly wrongful conduct. The claim accrued then, and not in March 1996 when the Tax Court released an opinion showing that the judge believed Kieffer, or in July 1996 when the Tax Court quantified the taxes and penalties due. The decisions of March and July 1996 may have added an element of damages, but they were not the *first* injuries the Leavells suffered—and the pe-

riod of limitations runs from the first injury, not the last.

 Like most rules, the first-injury principle has a few exceptions. One is that if separate injuries represent separate claims—for example, monthly payments missed under an installment note—then a new period of limitations begins with each distinct claim. *Bay Area Laundry Fund v. Ferbar Corp.*, 522 U.S. 192, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997). But the two decisions of the Tax Court do not create separate claims for relief; neither of the decisions is a fresh wrong committed by Kieffer. Quite the contrary, the decisions are better characterized as *defenses* that Kieffer may invoke. Once the judge decided to believe Kieffer's testimony in a case to which the Leavells were parties, Kieffer was in a position to assert issue preclusion (collateral estoppel) as a defense to the Leavells' claim that Kieffer had perjured himself. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Moreover, because the judgment of the Tax Court is now unassailable, it is doubtful that the Leavells are entitled to obtain any relief for supposed wrongs committed during the proceedings that led to that decision. Cf. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

 Triviality is a second exception to the first-injury principle. Suppose **A** hits **B** and breaks **B**'s glasses. Three years later a physician diagnoses a serious internal injury caused by the punch, but an injury that had no earlier manifestation. **B**'s time to sue does not begin until the hidden injury is discovered. Courts generalize this as the principle that a claim does not accrue until the victim knows of an injury sufficiently serious to cause a reasonable person to seek legal redress. *Goodhand v. United States*, 40 F.3d 209, 212–13 (7th Cir.1994) (observing that some states do not have a triviality exception, but that it is part of federal law). Defamation and the need to hire costly accoun-

tants and attorneys to defend a million-dollar case cannot be called trivial, however; the sort of injuries the Leavells suffered through January 1994 lead many entirely reasonable people to sue. So the claim accrued no later than January 1994, and the two-year period of limitations was long gone when, on June 19, 1998, the Leavells finally got this suit under way.

 One last issue. The Leavells contend that equitable estoppel extends the time for suit because "the Internal Revenue Service agreed to conduct a completely new audit of Plaintiff's [sic] records" and did not renege on this offer until June 1998. That might be an interesting event if the Leavells were suing the Internal Revenue Service, but they are not. They want Kieffer, personally, to pay them a million dollars. They do not allege that Kieffer did anything to lull them into delaying a *Bivens* suit, so *he* can't be equitably estopped to plead the statute of limitations.

AFFIRMED.