UNION OIL CO. OF CALIFORNIA, Plaintiff–Appellee,

v.

Daniel R. LEAVELL, et al., Defendants–Appellants.

No. 00–3173.

United States Court of Appeals, Seventh Circuit.

Submitted March 12, 2001 *.

Decided April 5, 2001.

Before Hon. EASTERBROOK, Hon. KANNE, Hon. WILLIAMS, Circuit Judges.

### Order

In this appeal, a successor to *Union Oil Co. of California v. Leavell,* 220 F.3d 562 (7th Cir.2000), the Leavells contend that the district court should not have entered an anti-suit injunction. It is as frivolous as the prior appeal (and, for that matter, as *Leavell v. Kieffer,* 189 F.3d 492 (7th Cir. 1999), in which the Leavells were represented by Christopher Heid, by the same lawyer who prosecuted this appeal).

Our prior decision held that a dispute between Unocal and the Leavells about possible radium contamination of equipment and materials furnished to the Leavells early in the 1990s had been settled in 1996. The settlement has not induced the Leavells either to honor their promises or to desist from litigation. After the Leavells filed two additional suits that were clearly barred by the preclusive effect of the earlier settlement and dismissal, Unocal asked the district judge for an injunction to block still more suits. The judge, who had ample authority to grant such relief in aid of the existing judgment, see 28 U.S.C. § 2283, obliged.

According to the Leavells, the district judge violated Fed.R.Civ.P. 65(d) by failing to give reasons and craft a specific order. Yet the judge gave a compelling reason—the bar against relitigation—that the Leavells simply ignore. Their apparent belief that the settlement of the 1996 case does not bind them disregards not only that agreement but also our prior opinion enforcing the settlement, an opinion that Heid's brief does not mention. As for specificity: The injunction bars the Leavells "from filing or pursuing any lawsuits or claims involving the contamination of their property in Carmi, Illinois as an alleged result of their purchase of contaminated material and equipment from [Unocal] that was the subject of Case No. 96–4208." We do not see how the order could be more specific, and the Leavells do not suggest alternative language.

The other contention raised on appeal is that the district judge violated the first amendment by sealing part of the record. Since the record was completely unsealed on August 29, 2000, before the Leavells filed their notice of appeal—a step that attorney Heid does not mention—this contention is moot.

AFFIRMED

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).