IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30420

Summary Calendar

---

MICHAEL E. KENNEDY,

Plaintiff-Appellant,

versus

G. L. HENMAN; ET AL.,

Defendants,

MICHAEL E. KENNEDY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Western District of Louisiana
96-CV-835

---

March 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael E. Kennedy appeals the dismissal of his two *Bivens*

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims, the grant of summary judgment on two claims under the Federal Tort Claims Act (FTCA), and the refusal to appoint counsel.

Kennedy claims that his *in forma pauperis* complaint should not have been dismissed because application of the Prison Litigation Reform Act ("PLRA") violates the Ex Post Facto Clause. The district court dismissed Kennedy's *Bivens* claim as untimely under the applicable statute of limitations. The application of the PLRA served as the procedural framework, but was not the reason that his claim was dismissed.

Kennedy also argues that the date of accrual for a *Bivens* claim should be consistent with the statute of limitations governing FTCA claims. This claim is without merit. Federal law defines the accrual of a *Bivens* claim, and under federal law the time begins to run when the plaintiff knows that he has been injured.[1] We look to state law to determine the applicable limitations period.[2]

Kennedy claims that the district court should not have denied the appointment of counsel and failed to explain its reasons for denying the appointment of counsel. We review the denial of appointment of counsel for abuse of discretion.[3] Denial of

---

[1] *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999) (Easterbrook, J.).

[2] *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998).

[3] *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

appointment of counsel was appropriate, and the district court adequately stated its reasons for doing so. The district court did not abuse its discretion. Moreover, the district court also permitted sufficient discovery in the form of requests for admissions, interrogatories, and requests for the production of documents.

Kennedy argues that the district court erred in granting summary judgment. Kennedy contends that his testimony and the testimony of the defendants were contradictory as to when the decision was made to move the cellmate and why it was not done. The district court did not grant summary judgment on his failure to protect claim. The *Bivens* claim was dismissed as prescribed, and the FTCA claim went to trial.

Kennedy argues that his affidavit called into question "defendant's lack of response to use of a stretcher, delay in treatment after diagnosis as a possible femur fracture, and denial of the medical treatment prescribed by use of an informal and unwritten policy." The evidence showed that after the fight Kennedy was transported to the infirmary by an electric cart, that a possible femur fracture was assessed on Saturday, July 15, and he was referred for x-rays on Monday, July 17. Defendants admit that Kennedy was denied permission to attend his outside appointment because he refused to use the black box restraints.

Kennedy argues that the facts establish that the defendants

3

were deliberately indifferent to his serious medical needs. More specifically, Kennedy claims that the delay in treatment from Saturday to Monday established deliberate indifference. Kennedy was examined on a Saturday night, at which time a possible fracture was diagnosed. Pain medication and warm soaks were prescribed. Kennedy was brought in for x-rays on Monday, and he had surgery on Tuesday. These facts do not suggest that the one-day delay in getting the x-rays was due to deliberate indifference.

Kennedy argues that the district court improperly applied an excessive force standard to dismiss his deliberate indifference claim. The district court found that the requirement of the black box and the denial of the outside appointment when he refused to use the black box did not amount to deliberate indifference. The district court applied the appropriate standard, and properly dismissed Kennedy's claim.

AFFIRMED.

4