**Troy DEL KORTH, Plaintiff–Appellant,**

v.

**SUPERVALU, INC., Defendant–Appellee.**

No. 01–4020.

United States Court of Appeals, Seventh Circuit.

Argued June 12, 2002.

Decided Sept. 16, 2002.

Before MANION, ROVNER, and WILLIAMS, Circuit Judges.

**ORDER**

Troy Del Korth filed a complaint under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, claiming that his employer, SuperValu, Inc., failed to accommodate his psychological disabilities. SuperValu filed a motion to dismiss, arguing that the complaint was untimely because it had not been filed within 90 days after Del Korth's receipt of his right-to-sue letter from the United States Equal Opportunity Employment Commission ("EEOC"). *See* 42 U.S.C. § 2000e–5(f)(1). The district court dismissed Del Korth's complaint as untimely, and Del Korth appeals. Because the district court should not have dismissed Del Korth's complaint as untimely under Fed. R. Civ. Pr. 12(b)(6), we reverse and remand.

**I. Background**

SuperValu fired Del Korth after he climbed a forty-foot tall rack at his workplace. Del Korth suffers from learning disabilities and takes medication for attention deficit disorder; he alleges that his psychiatric medications interacted with medicine that he was taking for a shoulder injury, causing erratic behavior. His termination would have been unnecessary, Del Korth claims, if SuperValu had made reasonable accommodations for his psychological disabilities and his adverse reaction to his medications.

Del Korth filed a charge of disability discrimination with the EEOC within 180

days of the alleged discrimination. On September 15, 2000, Del Korth's attorney wrote a letter to the EEOC, requesting information on the status of Del Korth's case. The EEOC responded by mailing Del Korth's attorney a copy of a right to sue letter that was dated September 7, 2000, and Del Korth filed his complaint on December 15, 2000. Del Korth alleged that his suit was timely because, although the right to sue letter was dated September 7th, Del Korth's attorney did not receive it until September 24th. The complaint was silent on if or when Del Korth ever received his own copy.

SuperValu moved to dismiss Del Korth's complaint for untimeliness, arguing that the 90–day clock began ticking when Del Korth, not his attorney, received the right to sue letter. The court agreed with SuperValu, presuming under Fed.R.Civ.P. 6(e) that Del Korth received the right to sue letter on September 10th, three days after the letter was dated. If Del Korth did receive the letter on September 10th, the time period in which he could bring an action in federal court expired on December 11th, four days before he actually filed his complaint.

## II. Analysis

We review a dismissal under Rule 12(b)(6) *de novo*. *Maple Lanes, Inc. v. Mel Messer*, 186 F.3d 823, 824–25 (7th Cir.1999). On appeal Del Korth contests the district court's presumption that he received a right to sue letter on September 10th. He argues that there is no evidence that the EEOC mailed the letter on September 7th or that he ever received the letter at all. According to Del Korth, the conclusion that the EEOC mailed the right to sue letter on September 7th does not inevitably follow from the fact that the letter was dated September 7th; in the absence of proof from SuperValu that Del Korth actually received the letter, the district court should have presumed that the 90–day period of limitations began when his attorney received it.

An employment discrimination claim must be brought within 90 days after the plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). We have repeatedly held that the 90–day period of limitations begins on the date of actual receipt of the right to sue letter, not on the date that the EEOC issues or mails it. *E.g.*, *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir.2001); *Bobbitt v. The Freeman Companies, et. al.*, 268 F.3d 535, 538 (7th Cir.2001); *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir.1999). "Actual receipt" of the right to sue letter may be by the plaintiff himself or by the plaintiff's attorney. 42 U.S.C. § 2000e–5(f)(1); *Threadgill*, 269 F.3d at 850; *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984). When the plaintiff and his attorney each receive a right to sue letter on different dates, the start of the 90–day period is determined by the earlier date of receipt. *Threadgill*, 269 F.3d at 850. If Del Korth never received the right to sue letter, then the 90–day period began running on September 24th, when his attorney allegedly received a copy. But if Del Korth received a copy of the right to sue letter before his attorney did, Del Korth's receipt of the letter would mark the start of the 90–day period, and the complaint may have been untimely.

SuperValu argues that Del Korth bore the burden of alleging in his complaint that he either received the right to sue letter on a particular date or failed to receive it at all. But this argument is based on the false assumption that a plaintiff must file a timely complaint in order to establish subject matter jurisdiction. Filing an ADA claim within 90 days after the receipt of a right to sue letter is not a jurisdictional

requirement. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1981); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir.1999). The 90–day period is essentially a statute of limitations, and, like a statute of limitations, it can be waived or modified through equitable tolling. *See Zipes,* 455 U.S. at 393; *Leavell,* 189 F.3d at 494; *Luckett v. Rent–A–Center, Inc.,* 53 F.3d 871, 873 (7th Cir.1995). A defendant's argument that a discrimination claim is untimely because it was filed outside the 90–day statute of limitations is therefore an affirmative defense. Fed.R.Civ.P. 8(c); *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993). A plaintiff is not required to anticipate and overcome affirmative defenses in his complaint. *Leavell,* 189 F.3d at 494; *Luckett,* 53 F.3d at 873; *Tregenza,* 12 F.3d at 718. Del Korth's complaint alleges that the 90–day period began when his attorney received the right to sue letter on September 24th; Del Korth was not required, in his complaint, to anticipate that SuperValu would assert an affirmative defense that his suit was untimely because the letter had actually been received on September 10th. Nor was he required to overcome this affirmative defense before it was asserted.

When reviewing a dismissal under Rule 12(b)(6), we accept the factual allegations pleaded in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Maple Lanes,* 186 F.3d at 824–25. If a set of facts consistent with the complaint would entitle the plaintiff to relief, a court should not grant a motion to dismiss. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Veazey v. Communications & Cable of Chicago, Inc.,* 194 F.3d at 861.

Based on the allegations in Del Korth's complaint, we can reasonably hypothesize that Del Korth never received the right to sue letter. Such a set of facts is consistent with the complaint: Del Korth alleged that his attorney received the right to sue letter on September 24th. The complaint says nothing about whether or not Del Korth himself ever received a copy of the letter. But Del Korth did allege that his attorney wrote to the EEOC for information on the status of his case. One could reasonably infer that the lawyer would not write to the EEOC if either he or Del Korth had already heard from the EEOC.

When facts alleged in the complaint lead to no other conclusion than that a complaint is untimely, dismissal may be appropriate. *See Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 670 n. 14 (7th Cir.1998). But when the record does not make it clear when the statute of limitations began to run, a 12(b)(6) dismissal is premature. *Hi–Lite Products Co. v. American Home Products Corp.,* 11 F.3d 1402, 1408 (7th Cir.1993); *Lewis v. Local Union No. 100,* 750 F.2d 1368,1380 (7th Cir.1984). It is not plain on the face of Del Korth's complaint that his suit is untimely. SuperValu may indeed have proof that Del Korth received the right to sue letter on September 10th. But this question should be resolved at summary judgment, not on a motion to dismiss. *See Houston,* 185 F.3d at 838; *Lewis,* 750 F.2d at 1380.

REVERSED AND REMANDED.