UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005[*]
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3730

JOHN E. COVINGTON,
    *Plaintiff-Appellant*,

v.

MITSUBISHI MOTOR
MANUFACTURING OF AMERICA,
INC., and UNITED AUTO
WORKERS LOCAL 2488,
    *Defendants-Appellees*.

Appeal from the United States District
Court for the Central District of
Illinois

No. 04-1315

Joe Billy McDade,
*Judge*.

**O R D E R**

John Covington sued Mitsubishi Motors, his former employer, and the local chapter of the auto workers union under § 301 of the Labor Management Relations Act (LMRA), *see* 29 U.S.C. § 185(a), in connection with his termination. The

_____

[*] Because there are no appellees or attorneys to be served in this appeal, the appeal has been submitted without the filing of appellees' briefs. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

district court concluded that Covington's claims were barred by the applicable six-month statute of limitations and dismissed the complaint prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  We reverse and remand.

On September 13, 2004, Covington simultaneously filed a complaint and application to proceed without prepayment of fees.  Covington alleges that in 1999 Mitsubishi terminated his employment without just cause in violation of its collective bargaining agreement with the union.  He further alleges that the union violated its duty of fair representation in October 2002 when it failed to arbitrate his grievance and negotiate his rehire under the "last chance" clause of the collective bargaining agreement.  The district court correctly stated that the statute of limitations for both claims is six months; section 301(a) of the LMRA borrows the statute of limitations applicable to suits under § 10(b) of the National Labor Relations Act, *see* 29 U.S.C. § 160(b).  *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 172 (1983); *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999).  The court dismissed the complaint for failure to state a claim, reasoning that Covington brought his claims more than six months after the relevant events and failed to explain his assertion that the statute of limitations had been tolled.

We review dismissals under § 1915(e)(2)(B)(ii) for failure to state claim *de novo*, having recognized that there is no reason to treat such dismissals differently from those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).  A complaint need not anticipate or overcome affirmative defenses such as the statute of limitations.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  For that reason, we have deemed it "irregular" to dismiss a claim as untimely under Rule 12(b)(6).  *United States v. N. Trust Co.*, 373 F.3d 886, 888 (7th Cir. 2004).  A complaint does not fail to state a claim simply because some defense is potentially available.  *Id.*; *see U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 627 (7th Cir. 2003); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999).  Instead, dismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by "admit[ting] all the ingredients of an impenetrable defense." *Xechem*, 372 F.3d at 901; *see United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (explaining that dismissal is proper where complaint "plainly reveals that an action is untimely under the governing statute of limitations").  In such cases, the validity of the defense must be "apparent from the complaint itself" and "unmistakable." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Here, Covington did not plead himself out of court by admitting the elements of an affirmative defense; rather, the district court concluded that Covington failed to draft his complaint with sufficient detail to *overcome* an anticipated defense premised on the statute of limitations.  *See U.S. Gypsum Co.*, 350 F.3d at 626.

Covington alleges in his complaint, without elaborating, that the statute of limitations was tolled until a "recent discovery." He anticipated—although he was not required to—the assertion of an affirmative defense. The district court essentially faulted him for failing to do even more and establish in the complaint that he could defeat the anticipated defense. True, Covington must explain with a great deal more specificity his grounds for tolling, but such an explanation was not required at the complaint stage. Covington's complaint states claims for breach of a collective bargaining agreement and breach of the duty of fair representation. Accordingly, dismissal under § 1915(e)(2)(B)(ii) was premature.

VACATED and REMANDED