Anthony MANGANO, Plaintiff,
Appellant,

v.

Michael BELLOTTI, Sheriff, et
al., Defendants, Appellees.

No. 05–1537.

United States Court of Appeals,
First Circuit.

July 5, 2006.

Anthony Mangano on brief pro se.

James W. Simpson, Jr., Douglas I. Louison, and Merrick, Louison & Costello, on brief for appellees.

Before TORRUELLA, Circuit Judge, STAHL, Senior Circuit Judge, and LIPEZ, Circuit Judge.

PER CURIAM.

In June 2004, plaintiff Anthony Mangano filed this action under 42 U.S.C. § 1983 against various Massachusetts prison officials. He charged that defendants violated the Eighth Amendment by withholding his antidepressant and anti-anxiety medication for 54 days in the fall of 1999. From a district court judgment dismissing the action as untimely, plaintiff now appeals. We affirm.

Plaintiff acknowledges that the three-year statute of limitations prescribed by Mass. G. L. c. 260, § 2A governs here, and that the question of when the cause of action accrues is one of federal law. *See, e.g., Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir.2003). "[A] § 1983 claim accrues when a plaintiff knows or has reason to know of his injury." *Id.; accord, e.g., Vistamar, Inc. v. Fagundo–Fagundo*, 430 F.3d 66, 70 (1st Cir.2005). Plaintiff's allegations here make it clear that he knew of his injury during the time his medication was interrupted. He has contended, for example, that the withholding of his "desperately needed" medication aggravated preexisting conditions, caused "severe emotional distress," and constituted the "wanton infliction of pain." And he has referred to a state court determination

that his mental health was thereby "jeopardized." These events all occurred more than three years before the instant action was filed.

Plaintiff seems to think it sufficient that he suffered some form of injury within three years of filing suit. He points to a February 2002 diagnosis of celiac disease, an intestinal disorder which "he and his physician claim" was triggered by the mental distress caused by the interruption of medication; less significantly, he also complains about developing "nervous tics" in December 2001. Yet "[o]ne who knows that an injurious tort has been committed against him may not delay the filing of his suit until the time, however long, when he learns the precise extent of the damage resulting from the tort." *Marrapese v. State of Rhode Island,* 749 F.2d 934, 940 n. 10 (1st Cir.1984) (quoting *Portis v. United States,* 483 F.2d 670, 672 (4th Cir.1973)); *accord, e.g., Gonzalez v. United States,* 284 F.3d 281, 289 (1st Cir.2002) (plaintiff need not know "full extent of injury" for cause of action to accrue); *Leavell v. Kieffer,* 189 F.3d 492, 495–96 (7th Cir.1999) ("the period of limitations runs from the first injury, not the last").

Although he has not done so explicitly, plaintiff may mean to rely on a theory involving "distinct injuries." *See, e.g., Mix v. Delaware & Hudson Ry. Co.,* 345 F.3d 82, 90 (2d Cir.2003) (holding that "plaintiff can recover for injuries suffered during the three-year period preceding the suit, if these injuries are sufficiently distinct from those previously suffered"). Such an approach is sometimes employed in "exposure cases, where there may be a substantial delay before symptoms manifest themselves and a series of different symptoms may emerge at different times." *Nicolo v. Philip Morris, Inc.,* 201 F.3d 29, 39 (1st Cir.2000) (applying Rhode Island law). Yet even if plaintiff had advanced such a theory, it would prove unavailing here. The assumptions on which his argument rests—that a 54-day interruption of his medication not only caused celiac disease, but did so more than 26 months after the medication had been restored— are simply too conjectural to merit further development. *See, e.g., Redondo–Borges v. U.S. Dep't of HUD,* 421 F.3d 1, 9 (1st Cir.2005) ("Even within the generous confines of notice pleading, courts must continue to eschew ... reliance on bald assertions [and] unsupportable conclusions.") (internal quotation marks omitted); *Wilson v. Brown,* 889 F.2d 1195, 1197 n. 3 (1st Cir.1989) ("While this Court will read a *pro se* complaint more leniently than one drafted by an attorney, we decline to fabricate unpleaded facts to support ... conclusory [allegations].") (internal quotation marks omitted).

*Affirmed.*