**Lois F. MORGAN, Plaintiff-Appellant,**

v.

**WASHINGTON MANUFACTURING COMPANY, Defendant-Appellee.**

**No. 79–1435.**

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1981.

Decided Oct. 7, 1981.

Rehearing and Rehearing En Banc Denied Dec. 4, 1981.

Lois F. Morgan, in pro. per.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., for defendant-appellee.

Before LIVELY and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

The question before us is whether a sex discrimination complaint under Title VII of the Civil Rights Act of 1964 filed with a federal agency other than the Equal Employment Opportunity Commission within the 180 days required by statute tolls the running of the statutory period, or otherwise satisfies the filing requirement, when the other federal agency forwards the complaint to the EEOC shortly after the time period has expired.[1] We hold that the statutory period is tolled under such circumstances and reverse the judgment of the District Court.

I.

Lois F. Morgan had been an employee of Washington Manufacturing Company for 22 years when she was permanently laid off on December 28, 1976. She wrote a letter to President Carter on February 24, 1977, claiming discriminatory practices by her employer. The White House mail room forwarded the letter to the Department of Labor. The Wage and Hour Office of the Labor Department in Nashville did not receive the letter for further investigation until June 6, 1977. That office contacted Washington Manufacturing Company by June 21 to advise the company that Ms. Morgan had made a claim. The office also contacted her for more information. On June 23, 1977, she wrote a letter to a representative of the Wage and Hour Office in which she clarified her charges. This letter, a formal complaint, was received at the Wage and Hour Office on June 27, 1977, the last day within the 180 day statutory period

for filing. The letter was forwarded to the EEOC in Birmingham where it arrived on July 7. On July 15 the EEOC contacted Washington Manufacturing Company about Ms. Morgan's complaint. On June 14, 1979, the District Court sustained the company's motion to dismiss her complaint for lack of jurisdiction due to her failure to file a timely charge of discrimination with the EEOC.

II.

Congress created the EEOC administrative process in sex and race discrimination cases in order to encourage reconciliation and arbitration of employee grievances prior to litigation. The informal and flexible nature of this administrative process suggests that we should not apply the time requirements inflexibly and mechanically, although the legislative history of Title VII does not shed any direct light on the question of whether Congress intended that the 180 day filing requirement should be construed as a rigorous jurisdictional requirement. Both the cases and the legislative history of the more recent Age Discrimination in Employment Act, a procedurally analogous statute, indicate, however, that we should allow equitable considerations to toll the 180 day requirement. This Court has recently so held in age discrimination and Title VII cases. The 180 day filing requirement is no longer a rigorous jurisdictional requirement in this Circuit. See *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980) (en banc), an age discrimination case, and *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979), a Title VII case.

After a thorough review of the 180 day filing requirement in age discrimination and Title VII cases, including a comprehensive discussion of the legislative history of the provisions and the recent cases applying them, the Fifth Circuit, in an *en banc* decision, *Coke v. General Adjustment Bureau,*

---

1. 42 U.S.C. § 2000e–5(e) provides:

   A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful em-

ployment practice occurred and notice of the charge . . . shall be served upon the person against whom such charge is made within ten days thereafter. . . .

*Inc.*, 640 F.2d 584 (5th Cir. 1981), recently reached the same conclusion as our Court in its earlier decisions. The Fifth Circuit noted that "[b]ecause Title VII shares with ADEA a common purpose, *i. e.*, elimination of discrimination in the workplace, because the statutory schemes are similar, and because both statutes require an almost identical filing with the appropriate agency within 180 days after the alleged discriminatory act," the two statutes should be construed uniformly where possible and the cases under one statute "have value as precedent for cases arising under the other." 640 F.2d at 587. The reasons for allowing equitable tolling of the 180 day requirement, as stated in the Fifth Circuit opinion, are "strong signals from the Supreme Court favoring equitable tolling . . . overwhelming authority from the other circuits favoring equitable tolling . . . legislative histories of Title VII and the ADEA, though not conclusive, point[ing] toward equitable tolling," 640 F.2d at 594, and the remedial nature of the legislation and the contemplated "initiation of compliance procedures by laymen, unassisted by lawyers," *id.* at 595. The opinion argues that statutes of repose should not be turned into stone walls that defeat the reasonable efforts of the lay plaintiff to enter.

We conclude, therefore, that in the absence of prejudice to the defendant or a showing of bad faith or lack of diligence by a claimant, equitable considerations should toll the 180 day period for filing a complaint under Title VII when the claimant makes a timely filing with a federal agency, like the Labor Department, which has jurisdiction in some fields of employment discrimination and when that complaint is forwarded to the EEOC shortly after the time period has expired. The EEOC has appeared as amicus curiae on behalf of the claimant here to urge us to adopt a rule permitting equitable tolling under these circumstances, a rule which the EEOC itself applies in its own practice. This tolling standard appears fair and equitable and is not inconsistent with the statute or our cases. It is in accordance with the practice of the federal agency in question and has been adopted by other courts which have addressed the question. See *Egelston v. State University at Geneso*, 535 F.2d 752, 755 n.4 (2d Cir. 1976) (filing of sex discrimination complaint with the office of federal contract compliance constitutes filing with the EEOC); *EEOC v. Nicholson File Co.*, 408 F.Supp. 229 (D.Conn.1976) (same).

Accordingly, the judgment of the District Court is reversed and the case remanded for further proceeding consistent with this opinion.