**Mark R. DAVIS, Plaintiff,**

v.

**METROPOLIS COUNTRY CLUB, Defendant.**

**No. 00 CIV 9653 CM.**

United States District Court, S.D. New York.

May 21, 2001.

---

DECISION AND ORDER CONVERTING MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND SOLICITING RESPONSE

McMAHON, District Judge.

Plaintiff Mark Davis sues Metropolis Country Club ("Metropolis") alleging discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C. § 2000e et seq. Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

Plaintiff Mark Davis was employed by Metropolis as a greenskeeper beginning on or about May 5, 1990. On or about September 28, 1995, Davis' employment was terminated.

Davis filed a complaint with the New York State Division of Human Rights ("NYSDHR") on or about November 30, 1995, in which he alleged discrimination based on disability and race. The complaint was also filed with the Equal Employment Opportunity Commission ("EEOC").

On May 14, 1998, the NYSDHR issued a Final Investigation Report and Basis for Determination ("the NYSDHR Order") in which it concluded that there was no probable cause to support Davis' allegations of discrimination. The NYSDHR Order advised plaintiff that he had fifteen (15) days after receipt of the order to request a review in writing from the EEOC. Plaintiff did request such a review—but his request was sent on or about June 16, 1998, more than fifteen days after receipt of the Order.

On December 3, 1998, the EEOC issued a Dismissal and Notice of Rights Letter ("First Right to Sue Letter") which informed plaintiff that he had ninety (90) days within which to file a lawsuit under federal law based upon the charge. The First Right to Sue Letter stated: "[y]our lawsuit must be filed WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue based on this charge will be lost." Plaintiff did not commence an action within 90 days of the First Right to Sue letter.

Plaintiff alleges that after receiving the December 3, 1998 letter, he called a senior EEOC investigator, Michael Santos, who told him that he should not institute any legal action until the investigation had been concluded.

By letter to the EEOC on or about July 5, 2000, nearly two years after the issuance of the First Right to Sue Letter, plaintiff wrote: "[T]his is to confirm that Mr. Santos advised me not to seek legal recourse until he completed his investigation regarding the above indicated case. At no time did I indicate that I did not wish to file suit. I provided Mr. Santos with all information regarding names of witnesses and dates. To date I have not been informed of the outcome of his investigation. Please be advised that I do wish to seek legal recourse by filing suit." (Langs Aff. at Ex. H.)

The EEOC responded to plaintiff's letter by stating that the matter was closed. It subsequently sent plaintiff another copy of the First Right to Sue Letter dated December 3, 1998. The EEOC did not mention any purported administrative error, or state that a reconsideration of the December 3, 1998 Right to Sue Letter would be or had been taken.

Approximately 21 months later, by letter dated September 6, 2000, the EEOC sent a letter to both Davis and Metropolis rescinding its prior determination and stating that the "Commission hereby rescinds the Notice of Right to Sue (Dismissal) issued in [this matter] on December 8, 1998[sic], which was issued in error." (Langs Aff. at Ex. G.)

In a letter dated September 11, 2000, Santos advised plaintiff that, after a review of the entire file, the EEOC had determined that no violation occurred, nor was it likely that "additional information will result in finding a violation." (Langs Aff. at Ex. L.) The EEOC issued a Second Dismissal and Notice of Rights Letter dated September 12, 2000 (the "Second Right to Sue Letter") stating that the EEOC had been "unable to conclude that the information obtained established violations of the statutes." (Id.) The letter informed plaintiff that he had 90 days from receipt of the Notice of Right to Sue in Federal District Court. The EEOC appears to have remailed it to him on September 27, 2000 due to a mistaken address. (Id. at Ex. M.)

This lawsuit was filed on December 20, 2000.

## DISCUSSION

Plaintiff was sent several official communications from the EEOC, which included: (1) a Dismissal and Right to Sue Letter dated December 3, 1998;

(2) a letter dated September 6, 2000 rescinding the December 3, 1998 Right to Sue Letter because it was issued in error; and

(3) a second Dismissal and Right to Sue Letter dated September 11, 2000.

Plaintiff received the second Dismissal and Right to Sue Letter sometime after September 27, 2000, when EEOC officials discovered that they had sent it to a wrong address. Within 90 days of receiving the second Dismissal and Right to Sue Letter, plaintiff filed this lawsuit on December 20, 2000.

Defendant argues that plaintiff lost his rights to sue by neglecting to file his lawsuit within 90 days of the First Right to Sue Letter. Ordinarily, defendant would be correct. Pursuant to the EEOC Regulations, neither a notice of intent to reconsider nor issuance of a subsequent right to sue letter will revive an expired limitations period. 29 C.F.R. § 1601.19(b)(2000).[1]

However, plaintiff claims that a senior EEOC investigator advised him that he would not lose his rights by waiting until a final determination was issued. Indeed, plaintiff has submitted an affidavit from this EEOC official, buttressing his claim. Therefore, this Court must consider whether the equities favor tolling the statute of limitations in plaintiff's favor.

In order to equitably toll a period of limitations, Davis must show that extraordinary circumstances prevented him from filing his petition on time. *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996) (noting that the court has applied the equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some way from exercising his rights") (citation omitted). In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll. *Id.*

Davis appears to have refrained from filing a lawsuit within 90 days of the First Right to Sue Letter in reliance on assurances made by an EEOC investigator. The affidavit submitted by Michael Santos, a Senior Investigator of the EEOC, states that he told plaintiff, on or about December 16, 1998 (only two weeks after the First Right to Sue Letter was erroneously issued), that the "EEOC intended to investigate this case and that his rights were protected while we were investigating his case." (Santos Aff. at ¶ 5.) The initial determination letter from the EEOC thus appears to have been sent in error, while an investigation was incomplete, and should either be treated as a nullity or the limitations period should be tolled.

---

1. The Regulations state, in part:

    The Commission may on its own initiative reconsider a final determination of no reasonable cause and an issuing director may, on his or her own initiative reconsider his or her final determination of no reasonable cause. If the Commission or an issuing director decides to reconsider a final no cause determination, a notice of intent to reconsider shall promptly issue to all parties to the charge. If such notice of intent to reconsider is issued within 90 days of receipt of the final no cause determination, and the person claiming to be aggrieved or the person on whose behalf a charge was filed has not filed suit and did not request and receive a notice of right to sue ... the notice of intent to reconsider shall vacate the letter of determination and shall rework the charging party's right to bring suit within 90 days. *If the 90 day suit period has expired,* the charging party has filed suit, or the charging party had requested a notice of right to sue ... *the notice of intent to reconsider shall vacate the letter of determination, but shall not revoke the charging party's right to sue in 90 days.* 29 C.F.R. § 1601.19(b)(2000) (emphasis added).

The tentative conclusions are all based on Mr. Santos' affidavit. Unfortunately, the affidavit constitutes a matter outside the pleadings. When matters outside the pleadings are presented in response to a Rule 12(b)(6) motion, a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed. R.Civ.P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79 (2d Cir.2000). This Court is compelled to convert this motion to one for summary judgment because of its reliance on materials outside the pleadings. Defendant has 30 days to submit any evidence or argument it wishes in view of the Court's intention to rely on Mr. Santos' affidavit.

This constitutes the decision and order of this Court.