In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1051

Windell Threadgill,

Plaintiff-Appellant,

v.

Moore U.S.A., Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-C-0553-S--John C. Shabaz, Judge.

Argued September 5, 2001--Decided October 19, 2001


   Before Flaum, Chief Judge, and Posner and
Ripple, Circuit Judges.

   Flaum, Chief Judge. Plaintiff Windell
Threadgill appeals the district court's
grant of summary judgment in favor of the
defendant on plaintiff's Title VII claim
and dismissal of plaintiff's complaint as
time-barred. For the reasons stated
herein, we affirm.

I.  Background

   Threadgill worked at the Monroe,
Wisconsin manufacturing facility of Moore
U.S.A., Inc. ("Moore") from May 23, 1983,
until September 22, 1997. In January
1998, Threadgill filed a complaint with
the Wisconsin Department of Workforce
Development and the United States Equal
Employment Opportunity Commission
("EEOC"), alleging that he had been
harassed, intimidated, denied promotional
opportunities, and terminated based on
race. The Wisconsin agency dismissed the
complaint, and Threadgill eventually
withdrew his appeal of that
determination.

   This opinion concerns the complaint
filed with the EEOC. On October 11, 1999,
David Lasker, Threadgill's attorney, sent
to the EEOC's Milwaukee District Office a
written request for a right-to-sue
notice. In this letter, Lasker requested
a copy of the notice. On November 18,

1999, the EEOC mailed the notice to Threadgill who received it soon thereafter. Threadgill did not immediately inform Lasker of the notice. In fact, Threadgill put the notice aside and neither acted on it nor mentioned its existence to his attorney for nearly seven months. Lasker never received a copy of the right-to-sue letter from the EEOC. It was not until June 16, 2000, that Lasker discovered that Threadgill had received the notice--well past the 90-day limit for filing suit. Although the notice clearly stated that the lawsuit "must be filed within 90 days of your receipt of this Notice," neither Threadgill nor Lasker took action within 90 days. On September 6, 2000, Lasker requested a second right-to-sue notice. In that letter, he claimed that because he did not receive a copy as requested, a second notice should be issued. The EEOC denied Lasker's request, and Plaintiff brought his Title VII claim in the Western District of Wisconsin on September 11, 2000. After giving the parties opportunity to present all relevant material, the district court ordered on December 11, 2000, that Moore's motion for summary judgment be granted and that Threadgill's complaint be dismissed as time-barred with prejudice and costs.

II.  Discussion

We review the district court's grant of summary judgment de novo, construing all of the facts and reasonable inferences that can be drawn from those facts in favor of the nonmoving party. See Central States, Southeast & Southwest Areas Pension Fund v. Fulkerson, 238 F.3d 891, 894 (7th Cir. 2001). A grant of summary judgment is appropriate if the pleadings, affidavits, and other supporting materials leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A.

A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. sec. 2000e-5(f)(1). Although the statute itself does not specify who the recipient of the notice must be, our case law is unambiguous.

"The 90-day period of limitation set forth in 42 U.S.C. sec. 2000e-5(f)(1) begins to run on the date that the EEOC right-to-sue notice is actually received either by the claimant or by the attorney representing him in the Title VII action." Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984) (emphasis added); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990); Saxton v. American Tel. & Tel. Co., 10 F.3d 526, 532 n. 11 (7th Cir. 1993). Threadgill's contention that the 90-day period should have begun to run only after his attorney received the notice is a misreading of the precedent. Two types of receipt of a right-to-sue notice can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney (as such receipt constitutes constructive receipt by the plaintiff). See Jones, 744 F.2d at 1312. Both methods of receipt focus on notice to the plaintiff. The attorney's receipt is pertinent only because he is an agent of the plaintiff. If, as in the instant case, the plaintiff actually receives notice from the EEOC, the attorney's receipt is irrelevant; it simply is not required for the 90-day period to begin running. Threadgill takes the holdings of Supreme Court and Seventh Circuit case law, which state that the 90-day period begins upon notice to the attorney or to the plaintiff, and reads them to state that only upon notice to the attorney does the clock begin to tick. Nowhere in our case law is such a result suggested.

B.

   Threadgill next contends that the principle of equitable tolling should be applied to excuse his failure to comply with the 90-day limitations period. Equitable tolling, however, is reserved for situations in which the claimant "has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." Jones, 744 F.2d at 1314. Threadgill did not make a good faith error such as filing in the wrong court. He did not act at all, even though the right-to-sue notice clearly stated that he must file within 90 days. The courts have allowed equitable tolling where the claimant "has actively pursued his judicial remedies . . . or has been

induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96 (emphasis added). To say that a claimant who receives the notice but does not read it or ask his attorney to explain it within the 90 days should be exempt from the limitations period under the principle of equitable tolling renders the procedural rule itself meaningless. Threadgill's contention that the EEOC induced or tricked him into allowing the deadline to pass by failing to send a copy of the notice to his attorney is unsupported./1 The EEOC did not act deceitfully. It sent Threadgill a right-to-sue notice that clearly indicated the 90-day limitation. The failure to send a copy to the attorney does not amount to trickery or inducement. While Threadgill's failure to understand the implications of the right-to-sue notice elicits sympathy, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).

III.  Conclusion

   Because the 90-day period of limitations begins when either the complainant or his attorney receives the right-tosue notice, and because the doctrine of equitable tolling does not apply, Threadgill's suit is time-barred and we AFFIRM the judgment of the district court.

FOOTNOTE

/1 Threadgill's claim that the EEOC misled him into allowing the deadline to pass cites language from a case that would allow equitable tolling because of an adversary's trickery. See Irwin, 498 U.S. at 96. Whether any alleged malfeasance by the EEOC would also suffice to toll the limitations period is an issue that we need not reach as there is no support for any claim of trickery or inducement by the EEOC.