**Mitchell Trent WILLIAMS,
Plaintiff–Appellant,**

v.

**NORTHWEST AIRLINES,
INCORPORATED, Defendant–Appellee.**

**No. 01–6006.**

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

### ORDER

Mitchell Trent Williams, a Tennessee resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Right Act of 1964 (42 U.S.C. § 2000e–5 et seq.), the Family and Medical Leave Act of 1993 ("FMLA") (29 U.S.C. § 2601 et seq.), and the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Williams, an African American male, was employed by Northwest Airlines ("Northwest") until his employment was terminated in January 1999. Williams contends that he was not notified of his termination until April 1999. On June 19, 2001, Williams filed his complaint alleging that the termination of his employment with Northwest was based on his race and sex and in retaliation for his testimony in a sexual harassment action brought against Northwest Airlines by another employee. Williams also contends that Northwest denied him medical leave in violation of the

FMLA and terminated his employment in violation of the ADA. A prior complaint asserting the same claims was filed on March 23, 2000, and was subsequently dismissed, without prejudice, to allow Williams to obtain counsel. The district court dismissed the current complaint, citing 28 U.S.C. § 1915(e)(2)(B)(i), after finding all of Williams's claims barred by the statute of limitations.

Initially, we note that the district court erred in relying on § 1915(e)(2)(B)(i) as the basis for dismissing this complaint, as Williams was not proceeding in forma pauperis when he filed this complaint. *See Benson v. O'Brian,* 179 F.3d 1014, 1015–17 (6th Cir.1999). However, because the court gave Williams notice and an opportunity to amend when he filed the prior complaint, the dismissal can be treated as one pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, the district court could have dismissed the complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *See Apple v. Glenn,* 183 F.3d 477, 479–80 (6th Cir.1999).

■ The district court properly determined that Williams's Title VII and ADA claims were barred by the statute of limitations. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *See Zipes v. TWA,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000) (ADA), *cert. denied,* 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

752 (2001). To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e–5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e–5(f)(1). These time limits do not constitute a jurisdictional prerequisite to filing suit, but are subject to waiver, estoppel, and equitable tolling. *See Zipes*, 455 U.S. at 393. Federal courts apply equitable tolling sparingly. *See Irwin*, 498 U.S. at 96. A plaintiff must demonstrate facts showing his diligence in pursuing the claim. *See Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 712 (6th Cir.1981).

Despite the issuance of two previous orders directing Williams to allege facts demonstrating that the filing of his administrative charges were timely or that good cause exists to extend the 300–day statute of limitations through equitable tolling, Williams has filed the present complaint that contains no additional detail concerning his efforts to exhaust his Title VII and ADA claims. The sparse allegations of the complaint provide no basis sufficient to toll the statute of limitations. Accordingly, Williams's Title VII and ADA claims are barred by the statute of limitations.

■ The district court properly determined that Williams's FMLA claim was time-barred. The FMLA prohibits any attempt by employers to interfere with or deny the exercise of FMLA rights. *See* 29 U.S.C. §§ 2615(a)(1), 2617. Because Williams's claim accrued in January 1999, when he was terminated, it is time-barred by the FMLA's general two-year statute of limitations except to the extent that Williams can show a "willful" violation. *See* 29 U.S.C. § 2617(c). A willful viola-

tion is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–35, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). The complaint in this case is devoid of any allegation that Northwest willfully violated the FMLA. Indeed, from the face of the complaint, it appears at least plausible that Northwest did, in fact, provide Williams with FMLA leave and then terminated him when he did not return to work at the end of the statutory period.

Accordingly, the district court's order of dismissal is affirmed.