UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005[*]
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1750

| | |
|---|---|
| MARIA PORTILLO, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 6877 |
| ZEBRA TECHNOLOGIES CORP., <br>     *Defendant-Appellee.* | James B. Zagel, <br> *Judge.* |

**O R D E R**

Maria Portillo filed a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against her former employer, alleging that it wrongfully terminated her after she complained about sexual harassment. The district court dismissed Portillo's case *sua sponte* for failure to prosecute. Portillo appeals this dismissal, and we affirm but on an alternative ground that is evident from the record.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Portillo was employed as an assembler by Zebra Technologies Corporation ("Zebra"). On May 13, 2003, Portillo complained to Zebra's personnel manager that a co-worker had sexually harassed her. Zebra then fired her on May 29, 2003. In response, Portillo filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission for retaliatory discharge. The EEOC issued Portillo a right-to-sue letter, and on October 26, 2004, Portillo filed her *pro se* complaint in the district court. In her complaint, Portillo alleges she received the EEOC's right-to-sue letter on July 27, 2004, 91 days before she filed suit.

Zebra moved to dismiss the complaint on December 2, 2004, arguing that Portillo's claim is time-barred. The district court denied Zebra's motion without prejudice and set the case for status on January 20, 2005. Before that status, Zebra filed a renewed motion to dismiss in which it demonstrated its arithmetic calculation that Portillo filed her complaint on the 91st day after receipt. The district court orally granted Zebra's motion on December 16, 2004, but never docketed the order.

The court later rescheduled the status hearing set for January 20, 2005, to February 10, 2005. When neither party appeared at that hearing, the court dismissed the case for want of prosecution. This dismissal was docketed that day. Portillo claims that she first received notice of the dismissal when she called the court on February 14, 2005, to inquire as to the next court date; she filed a "motion to re-open" the following day. On February 22, 2005, the court denied Portillo's motion, stating "I am not going to reopen the case. Even if I did reopen the case, you filed it a day too late." Portillo filed a notice of appeal on March 21, 2005, requesting review of only the district court's February 10, 2005 order dismissing her case for want of prosecution. While this appeal was pending, on April 28, 2005, the district court granted Zebra's motion under Fed. R. App. 10(e) to conform the docket to reflect that the district court had, as of December 16, 2004, dismissed the case as untimely.

This court has jurisdiction to address Portillo's appeal of the February 10, 2005 order. Portillo had 30 days from the district court's entry of the judgment on February 10, 2005 (the only docket entry that complied with Fed. R. Civ. P. 58 at that time), to file her appeal. *See* Fed. R. App. P. 4(a)(1)(A). Portillo instead filed a motion to reopen her case on February 15, 2005. Although Portillo did not cite a statutory basis for her motion to reopen, it falls under Rule 59 because she filed it within ten days of the entry of judgment. *See Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). As such, it tolled the 30-day period for filing a notice of appeal until the district court resolved the matter. Fed. R. App. P. 4(a)(4)(A). Because Portillo's motion to reopen was timely and the final order disposing of that motion was not

entered until February 22, 2005, Portillo's notice of appeal dated March 21, 2005, is timely.  Her appeal of the February 10, 2005 order is therefore properly before us.

Portillo, who is *pro se* on appeal, argues that the district court erred when it dismissed her complaint for failing to appear at a hearing of which she had no notice.  We review the district court's dismissal for want of prosecution for abuse of discretion.  *Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720, 725 (7th Cir. 2004). The February 10, 2005 dismissal likely was abuse of discretion because Portillo had no notice of the hearing.  *See Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 424 (7th Cir. 1998) (holding dismissal improper where party failed to appear at trial because he did not receive notice due solely to court error); *see also Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (recognizing that one missed deadline does not warrant dismissal for want of prosecution).  But, if the district court's dismissal of the case was otherwise correct, we must affirm even if the district court "relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245 (1937); *see Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998).

In this case, even if the district court's reason for dismissing Portillo's case was wrong, the dismissal itself was not.  By Portillo's own admission, she received her right-to-sue letter on July 27, 2004, but did not file her complaint until October 26, 2004, 91 days after her receipt of the EEOC's notice.  *See* 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (holding that 90-day statute of limitation begins to run on the day claimant receives the right-to-sue letter).  Portillo's failure to file her complaint by October 25, 2004, is fatal to her cause of action.  *See Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (holding that dismissal is proper when claimant filed complaint after 90-day period had expired).  Accordingly, we affirm the district court's dismissal of February 10, 2005, on the alternative ground that Portillo's complaint was time-barred.

AFFIRMED.