**E'Shondra McCLENDON, Plaintiff,**

v.

**BRONX COUNTY DISTRICT ATTORNEYS OFFICE, Defendant.**

**No. 09 CIV 03632–WGY.**

United States District Court, S.D. New York.

Feb. 3, 2011.

Paul N. Cisternino, Law Office of Paul N. Cisternino, P.C., Ossining, NY, for Plaintiff.

Basil Constantine Sitaras, Jessica Waters, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendant.

### Memorandum and Order

WILLIAM G. YOUNG, District Judge.[1]

## I. INTRODUCTION

The plaintiff, E'Shondra McClendon ("McClendon"), alleges that she was subjected to sexual harassment and retaliation by her employer, the Bronx County District Attorney's Office ("the District Attorney"). McClendon seeks monetary compensation and other damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Equal Employment Act of 1972, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* The District Attorney moves to dismiss the complaint on the ground that McClendon's claims are barred by her failure to commence this action in federal court within the 90–day time limit imposed by 42 U.S.C. § 2000e–5(f)(1). While McClendon acknowledges the late filing, she asks the Court to apply the doctrine of equitable tolling.

### A. Procedural Background

On July 23, 2008, McClendon, acting through retained counsel, Paul Cisternino ("Cisternino"), filed charges of discrimination with the Equal Employment Opportunity Commission ("the Commission") as well as the New York State Division of Human Rights. Compl. ¶ 6, ECF No. 1; McClendon Aff. ¶ 4, Pl.'s Ex. A, ECF No. 12–1. In either late October or early November 2008, Cisternino requested from the Commission a letter giving notice of McClendon's right to bring suit in federal court. Nov. 6, 2008 Letter from the Commission to Cisternino, Pl.'s Ex. B, ECF No. 12–2. On November 6, 2008, the Commission informed Cisternino in writing that it had forwarded his request for McClendon's "right to sue" notice to the Department of Justice ("the Department"). *Id.* The Commission stated that the Department "will act on your client[']s request as soon as possible and issue the Notice directly to you." *Id.* A copy of this letter from the Commission to Cisternino was mailed to McClendon at her home address as well. *Id.*

On November 25, 2008, by certified mail with delivery confirmation, the Department sent the "right to sue" notice to McClendon, informing her of her right to pursue her claims in federal court within 90 days of receipt of the notice. Nov. 25, 2008 Letter from the Department to McClendon, Def.'s Ex, A, ECF No. 8–1; United States Postal Service Delivery Confirmation, Def.'s Ex, B, ECF No. 8–2. The Department did not, however, mail a copy of the notice to Cisternino. Def.'s Mem. Law Supp. Mot. Dismiss 3–4, ECF No. 9 (effectively conceding the Department's failure to mail the notice to Cisternino); Def.'s Reply Mem. Law Supp. Mot. Dismiss 3, ECF No. 10 (same). McClendon avers that it was her "understanding" and "experience" that documents relevant to her case would not be sent to her without also being sent to Cisternino. McClendon Aff. ¶ 5. Because of this, McClendon did not believe that she needed to take any action—such as notifying Cisternino—when she received the "right to sue" notice on November 28, 2008. *Id.* ¶ 6; United States Postal Service Delivery Confirmation.

On April 9, 2009, Cisternino filed McClendon's civil complaint in the United States District Court for the Southern District of New York. Compl. The complaint stated that McClendon had "requested a

1. Of the District of Massachusetts, sitting by designation.

written dismissal from the Commission," that this request was then forwarded to the Department, and that "the instant complaint has been filed while the receipt of this dismissal has been pending." *Id.* ¶ 6. It reasonably can be inferred from this statement that Cisternino was still unaware at the time of filing the complaint that his client, McClendon, had in fact received notice of her "right to sue" nearly four and a half months earlier.[2]

On August 27, 2009, the District Attorney filed a motion and supporting memorandum of law to dismiss McClendon's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mot. Dismiss, ECF No. 7; Def.'s Mem. Law Supp. Mot. Dismiss. On October 6, 2009, McClendon filed an opposition to the motion, Pl.'s Mem. Law Opp'n Mot. Dismiss, ECF No. 11. On October 30, 2009, the District Attorney replied. Def.'s Reply Mem. Law Supp. Mot. Dismiss. The case was reassigned to this Court on July 29, 2010.

Because the motion turns on a strictly procedural matter, further elaboration of the underlying facts alleged by McClendon is unnecessary.

### B. Federal Jurisdiction

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 over McClendon's Title VII claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related state-law claims.

## II. ANALYSIS

### A. The Legal Framework

The parties have submitted affidavits and other exhibits to the Court to be considered on the motion to dismiss. In giving consideration to these materials outside the pleadings, the Court treats the motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) as one for summary judgment under Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(d). Summary judgment is warranted if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c).

The District Attorney also brings its motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Compliance with the 90–day filing period of 42 U.S.C. § 2000e–5(f)(1), however, is not jurisdictional. *See Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984). Rather, it is a statutory requirement that, like a statute of limitations, is subject to the doctrine of equitable tolling. *Id.* ("[T]hat the time limit may be equitably tolled accurately reflects how district courts should treat the 90–day rule."); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that compliance with Title VII's 180–day

---

**2.** At the time McClendon's complaint was filed and for some time thereafter, the District Attorney also did not know that the "right to sue" notice had been mailed to and received by McClendon. In an endorsed letter to the Court dated May 28, 2009, the District Attorney stated that, in its review of the complaint, the claims appeared to be premature because McClendon had not yet obtained her "right to sue" notice from the Commission. May 28, 2009 Endorsed Letter from Basil C. Sitaras to Judge Stephen C. Robinson, ECF No. 3. Judge Robinson, who was the presiding judge at that time, interpreted this communication from the District Attorney as a motion to dismiss, which he denied summarily on June 1, 2009. *Id.*

period to file charges with the Commission is "a requirement subject to ... tolling when equity so requires").

## B. The 90–Day Time Limit

Under Title VII, a plaintiff must file charges of discrimination with the Commission before commencing suit in federal court. 42 U.S.C. § 2000e–5(e)–(f); *Pikulin v. City Univ. of New York*, 176 F.3d 598, 599 (2d Cir.1999). Charges brought against a governmental agency and unable to be reconciled by the Commission are to be referred to the Department. 42 U.S.C. § 2000e–5(f)(1). If the Commission dismisses the charges or either the Commission or the Department has not initiated suit within 180 days of the filing of charges, the plaintiff must be so notified and informed of her right to pursue her judicial remedies. *Id.* To be timely, the plaintiff's civil complaint must be filed within 90 days of her receipt of the "right to sue" notice from either the Commission or the Department. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

McClendon concedes that she received the "right to sue" notice from the Department on November 28, 2008, and that her receipt of the notice triggered the running of the 90–day time limit. She also concedes that she filed her complaint more than 90 days after this date. Therefore, there is no dispute that McClendon's Title VII claims are time-barred because this action was not commenced within the applicable 90–day period initiated by her actual receipt of the "right to sue" letter. Dismissal of the complaint is thus warranted in the absence of a recognized equitable consideration.

## C. Equitable Tolling

 Equitable tolling is appropriate only "in [ ] rare and exceptional circumstance[s]." *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)), where a party has been "prevented in some extraordinary way from exercising [her] rights," *id.* (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)). "Generally, to merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period she seeks to have tolled." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Thus, the burden falls to the plaintiff to prove that her failure to meet a requirement in filing her pleading was not attributable to a larger failure to act diligently in pursuing her judicial remedies during the statutory period. *Id.*; *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000).

The Second Circuit has held that the doctrine of equitable tolling may be applied (1) where the defendant acted fraudulently or otherwise lulled the plaintiff into failing to litigate her claim; (2) where the court led the plaintiff to believe that she had done all that was required of her; (3) where the government did not meet its statutory duty to advise the plaintiff of her right to bring suit within a certain time period after filing administrative charges; (4) where the plaintiff filed her pleading within the statutory period without realizing it was defective; or (5) where the plaintiff's motion for the appointment of counsel was pending. *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir.1994) (collecting cases); *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 151, 104 S.Ct. 1723. In each of these scenarios, the party seeking to toll the limitations period could demonstrate that, through no fault of her own, she was "unable to obtain vital information bearing on the existence of [her] claim" during that time. *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 182 (2d Cir.2008)

(quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990)).

Several courts have addressed whether equitable tolling should excuse a plaintiff's failure to file within Title VII's 90–day time limit where, as in the present case, the government sends the "right to sue" notice directly to the plaintiff, even though it either was aware that the plaintiff was represented by counsel or explicitly had been asked to send the notice to counsel. At least two circuit courts have held that the doctrine is inapplicable to these circumstances. In *Threadgill v. Moore USA, Inc.*, 269 F.3d 848 (7th Cir.2001), the plaintiff's attorney-requested that the Commission issue the "right to sue" notice and that a copy be sent to him. *Id.* at 849. The Commission then mailed the notice but only to the plaintiff, who "put the notice aside and neither acted on it nor mentioned its existence to his attorney for nearly seven months." *Id.* The Seventh Circuit held that this constituted a failure on the plaintiff's part to actively pursue his judicial remedies and, accordingly, declined to equitably toll the 90–day limitations period. *Id.* at 850. In addition, the court held that the Commission's "failure to send a copy to the attorney does not amount to trickery or inducement" that would have excused the plaintiff's inaction. *Id.*

The Eighth Circuit reached the same conclusion in *Hill v. John Chezik Imports*, 869 F.2d 1122 (8th Cir.1989). There, the Commission sent a letter to the plaintiff informing her that it would send copies of all correspondence to her attorney as well as to her. *Id.* at 1123. Despite this, the Commission mailed the "right to sue" notice only to the plaintiff, who had moved to a new residence and failed to inform the Commission of her change of address, such that she never received the notice. *Id.* The Eighth Circuit, noting that "[c]ourts have generally reserved the rem-edy of equitable tolling for circumstances which were truly beyond the control of the plaintiff," concluded that the doctrine was inapplicable because the plaintiff "could easily have informed the [Commission] of her new address." *Id.* at 1124, That the plaintiff had relied on the Commission's statement that it would mail copies of all correspondence to her attorney was not persuasive to the court. *Id.*; *accord Leonard v. Rumsfeld*, 146 F.Supp.2d 1227, 1239 (M.D.Ala.2001) (holding that, even though the agency should have mailed its final decision to the plaintiff's attorney and failed to do so, "it does not present a sufficient basis for equitable tolling, since the plaintiff actually received a copy of the final agency decision and proper notice of the statutory limitations period").

In contrast to the Seventh and Eighth Circuits, the Southern District of New York, in an unreported case, equitably tolled the 90–day time period where the Commission neglected to send a copy of the "right to sue" notice to the plaintiff's attorney. *Casamento v. New York Stock Exchange, Inc.*, No. 95–0201, 1995 WL 373494 (S.D.N.Y. June 22, 1995). The attorney had informed the Commission of his firm's appearance on behalf of the plaintiff and requested copies of any communications sent to the plaintiff. *Id.* at *1, *3. The Commission, however, sent the "right to sue" notice only to the plaintiff, who had moved without providing her forwarding address. *Id.* at *1. The unclaimed notice was twice returned by the post office to the Commission. *Id.* The court held that the fact that the plaintiff's attorney did not learn that the "right to sue" notice had been issued until after the expiration of the 90 days was "due to the [Commission's] error and not any failure on the part of the plaintiff." *Id.*, at *3, Noting that the Commission had actual knowledge that the notice had not been delivered to the plaintiff, the court distinguished the

case from *Hill,* in which delivery of the notice was accepted at the plaintiff's address. *Id.* No weight was given by the court to the plaintiff's failure to notify the Commission of her move. *Cf. Brown v. TA Operating LLC,* No. 07–308, 2010 WL 1688779, at *3 (D.Nev. Apr. 26, 2010) (holding that the plaintiff's Title VII claim should be subject to equitable tolling because the Commission "could and should have sent the letter" to the plaintiff's attorney of record, even though the plaintiff had moved without informing the Commission of his new address, he had set up mail forwarding with the post office and was in fact receiving his mail, and there was no evidence that the notice was returned to the Commission as undeliverable).

■ While *Casamento* is persuasive authority, it does not control the outcome here. In *Casamento,* the "right to sue" notice was returned as undeliverable to the Commission on two occasions, whereas here McClendon received the notice three days after the Department mailed it, and the Department was aware of her receipt by virtue of sending the notice via certified mail with delivery confirmation. Because McClendon personally received actual notice of the 90–day time limit to file suit, this is "at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Like the plaintiff in *Threadgill,* McClendon failed to take any action in response to the notice, neither informing Cisternino that she had received it nor attempting to confirm that he had too. "To say that a claimant who receives the notice but does not read it or ask his attorney to explain it within the 90 days should be exempt from the limitations period under the principle of equitable tolling [would] render[ ] the procedural rule itself meaningless." *Threadgill,* 269 F.3d at 850.

Certainly, it is regrettable that McClendon relied on the Commission's statement that a copy of the "right to sue" notice would be mailed by the Department to Cisternino. It is also unfortunate that, as the case law makes clear, it is all too often that either the Commission or the Department sends the "right to sue" notice only to the plaintiff, even in the face of a request by the plaintiff's attorney to receive a copy. Yet, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr.,* 466 U.S. at 152, 104 S.Ct. 1723. Moreover, the Commission's statement that Cisternino would receive a copy did not "rise to a level of 'active deception,' " such that McClendon was either misled or lulled into inaction. *Gonzalez v. Fedex Co.,* No. 95–3529, 1996 WL 346968, at *4 (S.D.N.Y. June 24, 1996) (quoting *Cottrell v. Newspaper Agency Corp.,* 590 F.2d 836, 838–39 (10th Cir.1979)); *cf. Davis v. Metropolis Country Club,* 145 F.Supp.2d 321, 324 (S.D.N.Y.2001) (excusing the plaintiff's late filing where an investigator for the Commission had informed the plaintiff that his rights were protected while the Commission investigated the charges, even though the plaintiff already had received the "right to sue" letter); *Nielsen v. Flower Hosp.,* 639 F.Supp., 738, 747 (S.D.N.Y.1986) (applying equitable tolling where the plaintiff relied on a court-issued document later deemed defective on its face); *Rosinski v. DRS EW & Network Sys., Inc.,* No. 08–0005S, 2008 WL 5054222, at *4 (W.D.N.Y. Nov. 21, 2008) ("But for the erroneous filing fee information in the Court's instructions, Plaintiff's Complaint would have been timely filed on January 2, 2008."). It did not relieve McClendon of her duty, upon receipt of the notice, diligently to inquire whether her attorney also had received a copy and planned to act on it within 90 days. *See Hill,* 869 F.2d at 1124. Equita-

ble tolling is reserved for exceptional circumstances truly beyond the control of the plaintiff, and McClendon has not demonstrated that she exercised due diligence in the pursuit of her legal claims.

## III. CONCLUSION

For the reasons stated, this Court **ALLOWS** the District Attorney's Motion to Dismiss the Complaint [ECF No. 7] with respect to McClendon's Title VII claims because McClendon failed to comply with the statutory 90–day time limit to file her complaint and has not presented equitable considerations that would warrant tolling. The Court declines to exercise supplemental jurisdiction with respect to McClendon's related state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

Judgment shall enter for the District Attorney on the federal claims. The pendent state claims are dismissed.

**SO ORDERED.**