NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 25, 2012
Decided February 7, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-1764

| | |
|---|---|
| PEGGIE PORTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 1784 |
| NEW AGE SERVICES CORPORATION and PAUL S. WATFORD, | James B. Zagel, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

New Age Services fired Peggie Porter while she was on disability leave. Porter sued New Age in federal court alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117, the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654, and Illinois tort law. After filing her lawsuit, Porter filed a charge with the Equal Employment Opportunity Commission, which the agency dismissed as untimely. The district court then granted summary judgment for New Age on all of Porter's claims. As relevant to this appeal, the court found that Porter's ADA claim was barred because Porter did not file a timely EEOC charge. On appeal Porter argues only that her pending lawsuit should have

tolled the deadline for filing her EEOC charge; she asks that we remand the case to the district court with instructions to apply the doctrine of equitable tolling. We affirm.

In May 2009, Porter was working as a mental health counselor for New Age when her son was murdered. Porter requested a leave of absence while she struggled with the depression that followed, and New Age allowed her several months' temporary disability leave. Several months later, Paul Watford, New Age's director of finance and administration, wrote to Porter asking if she was able to return to work and telling her that New Age could not extend her leave beyond September 30. Porter's therapist replied, stating that Porter remained unable to resume work and that he could not determine when she would be able to do so. In response, New Age notified Porter in writing on October 5 that her employment would end on October 31.

The parties agree that, absent tolling, Porter had until August 2, 2010, which is 300 days from October 6 (the date New Age notified her of termination) to file her charge with the EEOC. *See Stepney v. Naperville Sch. Dist.*, 392 F.3d 236, 239 (7th Cir. 2004). In March 2010, instead of filing such a charge, Porter sued New Age and Watford in federal district court, alleging that she had been terminated because of her disability in violation of the Americans with Disabilities Act and the Family and Medical Leave Act and raising a claim of intentional infliction of emotional distress under Illinois law. New Age responded in April with several affirmative defenses, including that Porter failed to exhaust her administrative remedies for the ADA claim. Porter then retained counsel, Steven Lang, who appeared on her behalf two weeks before the August 2 deadline for filing a charge on the ADA claim with the EEOC. But Porter did not file any charge with the EEOC until a month after the August 2 deadline lapsed.

New Age sought summary judgment, which the district court granted on all counts. The court found that Porter's ADA claim was barred because she failed to file a timely charge with the EEOC. Although Porter argued that she was entitled to additional time under the doctrine of equitable tolling, the court did not credit Porter's claim that until December 2009 her mental state left her unable to determine whether she had been injured by an unlawful employment practice. The court noted that, even if it accepted Porter's explanation, Porter still did not file her EEOC charge for another nine months—a fact that was "particularly glaring" given that Porter managed to file a lawsuit five months earlier and New Age notified her shortly after she filed suit that she needed to exhaust her administrative remedies. The district court further found that, as a private employer with fewer than 50 employees, New Age was exempt from the requirements of the Family and Medical Leave Act. Finally, the court found that Porter's emotional distress claim was preempted by the Illinois Human Rights Act, 775 ILCS 5/1-101, which preempts all state common-law claims seeking redress for injuries arising from disability discrimination.

On appeal Porter argues that the district court erred in failing to "apply or consider" her argument that the statute of limitations for filing her ADA charge should have been tolled during the time her lawsuit was pending. She urges that filing this lawsuit is equivalent to filing an EEOC charge in the wrong venue and that the administrative deadline was therefore subject to equitable tolling. She asks us to remand with instructions to the district court to apply the doctrine of equitable tolling. (She does not contest summary judgment on her remaining claims under the Family and Medical Leave Act or state law.)

The requirement that a plaintiff timely file an administrative charge with the EEOC serves two purposes: it promotes the prompt and less costly resolution of the dispute by settlement or conciliation and ensures timely notice to the employer of the grievance. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Porter's argument that we should excuse her ignorance of the filing deadline is unconvincing because she does not identify any legitimate reason for her delay. In discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim, *see Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010); *Hentosh v. Herman M. Finch Univ. of Health Sci./The Chicago Med. Sch.*, 167 F.3d 1170, 1175 (7th Cir. 1999); when a plaintiff makes a good-faith error such as timely filing in the wrong court, *see Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001); or when the defendant prevents a plaintiff from filing within the statutory period, *see id.* at 850 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

These circumstances do not apply here. Porter was aware of the basis for her claim as of March 2010, when she filed this lawsuit. And New Age did not prevent her from filing a timely administrative charge—indeed, the company notified her that she needed to do so more than four months before the charge-filing limitations period expired. That leaves the excuse of a good-faith filing in the wrong venue. But that excuse is unavailing because Porter was represented by counsel *before* the EEOC filing deadline, making Porter an undeserving candidate for tolling. *See Dell v. Bd. of Educ., Tp. High School Dist. 113*, 32 F.3d 1053, 1061–62 (7th Cir. 1994) (ruling that representation by counsel defeats plaintiffs' argument that they did not know of filing deadline). *See also Lee v. Cook County, Ill.*, 635 F.3d 969, 973 (7th Cir. 2011) ("A lawyer's ineptitude does not support equitable tolling."); *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 397 (7th Cir. 2000) ("[T]he negligence of the party invoking the doctrine can tip the balance against its application.") (internal quotation and citation omitted); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990) (noting that an EEOC complaint can be prepared within days).

Porter invokes *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965), and *Morgan v. Washington Mfg. Co.*, 660 F.2d 710 (6th Cir. 1981), to advance her argument for equitable tolling, but her reliance on these cases is misplaced. *Burnett* involved a plaintiff who had mistakenly sued under the Federal Employers' Liability Act in a state instead of federal court. Although the statute of limitations had expired by the time the plaintiff refiled in federal court,

the Supreme Court determined that the error in venue had not thwarted any congressional purposes behind the deadline, so it allowed equitable tolling. *Burnett*, 380 U.S. at 429. Similarly, in *Morgan* the Sixth Circuit held that equitable tolling was appropriate when the plaintiff mistakenly filed a timely sex-discrimination charge with the Department of Labor, which forwarded the complaint to the EEOC, where it arrived shortly after the filing deadline. *See Morgan*, 660 F.2d at 711–12. Central to the court's reasoning was that none of the purposes of the filing deadline was offended, given the plaintiff's apparent diligence, the absence of prejudice to the defendant, and the fact that the Labor Department had jurisdiction in some areas of employment discrimination. *See id*. at 712.

Here, however, Porter's disregard of the EEOC charge deadline undermined the important and congressionally mandated goal that the EEOC facilitate conciliation and settlement *before* Porter launched her potentially expensive and time-consuming litigation in court. *See Hampton v. Ford Motor Co.*, 561 F.3d 709, 715 (7th Cir. 2009); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708–09 (7th Cir. 2006). Although Porter is correct that New Age received notice of her claim within the statutory period, timely notice addresses only one of the two purposes of the exhaustion requirement. By bypassing the administrative process and proceeding directly to court, Porter forced a court and New Age to address claims that might have been resolved more economically by the EEOC. She cites no authority, and we have found none, for the novel proposition that a counseled litigant can use equitable tolling to disregard the congressional goal of conciliation before litigation.

AFFIRMED.